IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-1256-W |
| | ) |
| ANITA TRAMMELL, Interim Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

For the fifth time this year, Mr. Antone Knox has filed a petition for habeas relief.[1]

This petition should be summarily dismissed because jurisdiction is lacking.

The Court must address its jurisdiction even though no one has raised the issue.[2]

Jurisdiction over the custodian exists only when the petitioner is incarcerated in the district.[3] But the Petitioner is incarcerated at the Oklahoma State Penitentiary in Pittsburg

---

[1] *See Knox v. Trammell*, Case No. CIV-12-1257-W, slip op. at 2-3 (W.D. Okla. Nov. 19, 2012) (report and recommendation by magistrate judge; listing cases).

[2] *See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

[3] *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (stating that a habeas petition arising under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined" (citation omitted)).

County, Oklahoma, which is in the Eastern District of Oklahoma. 28 U.S.C. § 116(b) (2006). Consequently, the Western District of Oklahoma does not have jurisdiction to act.[4]

In the absence of jurisdiction, the Court can order dismissal or transfer the proceedings to the Eastern District of Oklahoma "if it is in the interest of justice."[5] In deciding between these options, the Court "is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."[6]

In this action, Mr. Knox challenges conditions of confinement, seeks intervention in a domestic case, complains about the administration of his sentence, and asserts that he should have obtained parole. When "peeking" at these claims, the Court should order dismissal rather than transfer.

The complaint about prison conditions is not cognizable in a habeas action (even in the proper district court) because 42 U.S.C. § 1983 would provide the exclusive remedy.[7]

---

[4] *See, e.g.*, *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012) (holding that the district court lacked jurisdiction because the claimant was confined in Wisconsin when he filed the habeas petition in the Western District of Oklahoma); *United States v. Dotson*, 430 F. App'x 679, 684 (10th Cir. 2011) (holding that the Western District of Oklahoma lacked jurisdiction because the habeas petitioner was incarcerated in Georgia when he began the action).

[5] *See* 28 U.S.C. § 1631 (2006); *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

[6] *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (citation omitted).

[7] *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." (citations omitted)); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in a 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition).

The request for intervention in Mr. Knox's domestic case is probably futile because many courts would abstain when the remedy would affect ongoing state proceedings.[8]

Mr. Knox also challenges his sentence administration and denial of parole, but many of the allegations are confusing and lacking in specifics. Thus, the Eastern District of Oklahoma would likely decline to address the merits of the claims as they are presently formed.

The Western District of Oklahoma lacks jurisdiction over the present action. Because transfer would likely prove futile, I recommend dismissal rather than transfer.

The Petitioner has the right to object to the present report. Any such objection must be filed with the Clerk of the Court in the Western District of Oklahoma by December 17, 2012.[9] The failure to timely object would foreclose appellate review of the suggested ruling.[10]

The referral is discharged.

---

[8] In *Younger v. Harris*, the Supreme Court stated that federal courts should not intervene in state court cases begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for the petitioner's federal claims, and implicate important state interests. *Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (holding that the *Younger* abstention doctrine applied to a complaint involving an ongoing domestic case in state court).

[9] *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 29th day of November, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge