IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
DEC 18 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

ANTONE LAMANDINGO KNOX )
)
Petitioner, )
)
vs. ) No. CIV-12-1256-W
)
ANITA TRAMMELL, Interim Warden, )
)
Respondent. )

## ORDER

On November 29, 2012, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter, wherein he recommended that the Court dismiss the Ex Parte Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Antone Lamandingo Knox pursuant to title 28, section 2241 of the United States Code. Knox was advised of his right to object, and the matter now comes before the Court on Knox's Ex Parte Objection to Magistrate Judge Report and Recommendation [Doc. 10].

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this action. A petition seeking a writ of habeas corpus under section 2241 "'attacks the execution of a sentence rather than its validity and must be filed in the [judicial] district where the prisoner is confined.'" Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Knox is currently incarcerated in Oklahoma State Penitentiary, in McAlester, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma; consequently, this Court lacks jurisdiction over Knox's Petition.

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires . . . [the C]ourt to transfer such an action 'if the transfer is in the interest of justice.'" Haugh, 210 F.3d at 1150 (quotation omitted). This provision has been interpreted in this circuit to provide this Court with discretion to determine whether to transfer the action or to dismiss it without prejudice. E.g., Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

In his Petition, Knox has complained that he has been denied earned credits and "equal and fair treatment for parole." Doc. 1 at 7. Knox has also sought relief under certain federal discrimination statutes as well as intervention in a domestic proceeding.

Knox's conditions-of-confinement claims cannot be entertained in the instant habeas action since title 42, section 1983 of the United States Code provides the exclusive remedy for such claims. E.g., Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in section 1983 civil rights action rather than habeas proceeding). See Knox v. Morgan, No. CIV-12-446-W (W.D. Okla. June 29, 2012) (section 1983 provides exclusive remedy for conditions-of-confinement claims); Knox v. Workman, No. CIV-12-260-W (W.D. Okla. April 6, 2012)(conditions-of-confinement claims brought by state inmate not cognizable under section 2241); Knox v. Morgan, No. CIV-10-1274-W (W.D. Okla. September 8, 2011).

As to Knox's request that this Court intervene in the state court domestic case, the Court finds such request is arguably futile. E.g., Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006)(holding that abstention doctrine recognized in Younger v. Harris, 401 U.S. 37 (1971), applied to complaint involving ongoing state court domestic case where complainant had not shown that state court proceeding was not an adequate forum to

hear constitutional challenges). See also Landrith v. Cariglietti, 2012 WL 6062668 (10th Cir. 2012)(Rooker–Feldman doctrine expressly prohibits party losing in state court from seeking in federal court what in substance would be appellate review of state judgment, based on losing party's claim that state judgment violates loser's federal rights).

Based upon the foregoing, the Court finds in its discretion that "'the interest of justice,'" Haugh, 210 F.3d at 1150 (quotation omitted), weighs against transfer of this matter to the Eastern District of Oklahoma and favors dismissal of the instant Petition without prejudice.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] filed on November 29, 2012;

(2) DENIES Knox's Ex Parte Motion Request for a Rule 8 Hearing or Evidentiary Hearing [Doc. 4] file-stamped November 13, 2012; and

(3) DISMISSES this matter in its entirety without prejudice and further DISMISSES Knox's conditions-of-confinement claims without prejudice to refiling in an action seeking relief under section 1983, assuming the claims to be asserted are not repetitive of any claims for relief asserted in lawsuits previously filed by Knox.

ENTERED this 18th day of December, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE